**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
Trustees of Empire State Carpenters Annuity,
Apprenticeship, Labor-Management
Cooperation, Pension and Welfare Funds,         **ADOPTION ORDER**
                                                13-cv-7005(ADS)(AKT)
            Plaintiff,

        -against-

C.M.K. CONTRACTING INC.,
doing business as
CMK Contractors Inc.,
                Defendant.
-----------------------------------------------------------X
**APPEARANCES:**

**Virginia & Ambinder, LLP**
*Attorneys for the Plaintiff*
40 Broad Street, 7th Floor
New York, NY 10004
    By: Elina Burke, Esq.
        Richard B. Epstein, Esq.
        Charles R. Virginia, Esq., Of Counsel

**SPATT, District Judge**.

On December 19, 2013, the Plaintiff Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Plaintiff") commenced this action.

The Plaintiff asserts claims pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking to confirm an arbitration award rendered in conjunction with a collective bargaining agreement ("CBA") between the Empire State Regional Council of

1

Carpenters (the "Union") and C.M.K. Contracting Inc. d/b/a CMK Contractors Inc. ("Defendant").

In that regard, on December 1, 2013, J.J. Pierson, Esq., the duly designated impartial arbitrator, found the Defendant liable for violating the terms of the CBA for its failure to make fringe benefit contributions for the period running from July 1, 2007 to March 31, 2009. As such, on April 24, 2013, the arbitrator awarded the Defendant: (1) $60,096.35 in delinquent contributions, (2) $25,929.39 in interest on the delinquent contributions; (3) $12,019.27 in liquidated damages; (4) $350.00 in attorneys' fees; (5) $600.00 for the arbitrator's fee; and (6) $10,645.75 for audit costs. However, the Defendant has failed to comply with the April 24, 2013 award.

In the present action, the Plaintiff seeks an Order confirming the arbitrator's award as well as attorneys' fees and costs incurred in connection with this enforcement action.

On January 31, 2014, the Plaintiff requested a Certificate of Default with the Clerk of the Court. On February 4, 2014, the Clerk of the Court issued the Certificate of Default and certified the Defendant's default.

On March 5, 2014, the Plaintiff moved for default judgment.

On April 10, 2014, the Court referred this matter to United States Magistrate Judge A. Kathleen Tomlinson for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorneys' fees and costs.

On February 9, 2015, Judge Tomlinson issued a Report recommending that the Plaintiff's motion for default judgment be granted and that the Plaintiff be awarded the following damages: (i) $60,096.35 for unpaid contributions; (ii) $30,597.69 in interest; (iii) $12,019.27 in liquidated

damages; (iv) $ 350.00 in attorneys' fees pursuant to the Award; (v) $ 1,257.00 in attorneys' fees incurred in connection with this confirmation proceeding; (vi) $600.00 for the arbitrator's fee; (vii) $10,635.75 for auditing costs' and (viii) $467.50 in costs and disbursements incurred in connection with this confirmation proceeding.

More than fourteen days have elapsed since service of the Report and Recommendation on the Defendants, who have failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 9, 2015, Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS)(SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error). Accordingly, the February 9, 2015 Report and Recommendation is adopted in its entirety, and the Plaintiff's motion for a default judgment is granted. The Clerk of the Court is directed to enter judgment for the Plaintiff and to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
March 14, 2015

                                                    _/s/ Arthur D. Spatt_____
                                                       ARTHUR D. SPATT
                                                 United States District Judge